Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7995 | **DATE** | 2/22/2011 |
| **CASE TITLE** | The Savanna Grouip, Inc vs. Truan | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motion to dismiss Count II of Plaintiff's Class Action Complaint [21].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff Savanna Group, Inc. ("Savanna") originally filed the present two-count Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. In Count I, Savanna alleges that Defendants Trynex, Inc., Charles Truan, James Truan, and Phil Truan violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. *See* 28 U.S.C. § 1331. In Count II, Savanna alleges a common law claim of conversion. *See* 28 U.S.C. § 1367(a). On December 16, 2010, Defendants removed this action to federal court based on 28 U.S.C. §§ 1441, 1446. Before the Court is Defendants' motion to dismiss Savanna's conversion claim as alleged in Count II of the Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion and dismisses Savanna's common law conversion claim from this lawsuit.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor).

## BACKGROUND

In its Class Action Complaint, Savanna alleges that it is an Illinois corporation and that Trynex is a Michigan corporation with its principal place of business in Warren, Michigan. (R. 1, Class Action Compl. ¶¶ 9, 10.) Also, Savanna states that Defendants Charles Truan, Phil Truan, and James Truan are officers, directors, and shareholders of Trynex. (*Id*. ¶ 10.) Savanna alleges that Trynex – through the Truans – approved, authorized, and participated in a scheme to broadcast advertisements via unsolicited facsimiles in violation of the TCPA. (*Id*.) Further, Savanna alleges that by sending it and other class members unsolicited faxes, Defendants improperly and unlawfully converted the putative class plaintiffs' facsimile machines, toners, and paper to their own use. (*Id*. ¶ 36.) Moreover, Savanna maintains that by sending the unsolicited faxes, Defendants "effectively stole" employee time because the employees spent time receiving, routing, and reviewing Defendants' unsolicited faxes. (*Id*. ¶ 41.) Savanna bases its conversion claim against Defendants on one unsolicited fax sent on December 20, 2006. (*Id*. ¶ 11.)

## ANALYSIS

The parties do not dispute that Illinois law governs Savanna's conversion claim. To state a claim for the common law tort of conversion under Illinois law, a plaintiff must allege that: (1) she has a right to the property; (2) she has an absolute and unconditional right to the immediate possession of that property; (3) she has made a demand for possession; and (4) defendants wrongfully and without authorization assumed control, ownership, or dominion over the property at issue. *See Loman v. Freeman,* 229 Ill.2d 104, 127, 321 Ill.Dec. 724, 890 N.E.2d 446 (Ill. 2008); *see also Van Diest Supply Co. v. Shelby County State Bank,* 425 F.3d 437, 439 (7th Cir. 2005).

In their motion to dismiss, Defendants argue that Savanna is unable to establish as a matter of law that Defendants exercised dominion or control over its property as required under the fourth element of its conversion claim. In response, Savanna points to a number of decisions in this district that reject Defendants' argument that in order to properly allege a claim for conversion, a plaintiff must allege that the defendant actually possessed the property at issue. *See, e.g., Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, No. 09 C 1541, 2009 WL 2515594, at *3 (N.D. Ill. Aug. 17, 2009) (Kennelly, J.); *R. Rudnick & Co. v. G.F. Protection, Inc.,* No. 08 C 1856, 2009 WL 112380 (N.D. Ill. Jan. 15, 2009) (Gottschall, J.); *Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp.2d 768, 782 (N.D. Ill. 2008) (Pallmeyer, J.). Particularly instructive and persuasive is Judge Zagel's opinion in *G.M. Sign, Inc. v. Stergo,* 681 F.Supp.2d 929, 932 (N.D. Ill. 2009).

In *G.M. Sign*, the plaintiff alleged that by sending an unsolicited fax, defendant converted the toner and paper in plaintiff's fax machine to its own use. *Id.* at 931. The plaintiff also alleged that by sending the unsolicited faxes, defendant deprived plaintiff and the putative class members of employee time. *See id.* As Judge Zagel explained, "[a]s an initial matter, Plaintiff's assertion that Defendant converted Plaintiff's employees' time fails under a conversion theory as 'a person's time is not a chattel over which plaintiff had the immediate and unconditional right to possess.'" *Id.* at 932 (quoting *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.,* 633 F.Supp.2d 610, 613 n.1 (N.D. Ill. 2009). As such, the Court grants Defendants' motion as to Savanna's allegations that Defendants converted employee time. *See Bilut v. Northwestern Univ.,* 296 Ill.App.3d 42, 52, 692 N.E.2d 1327 (Ill. 1998) ("an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible.").

Next, the *G.M. Sign* decision teaches that under similar circumstances as in this matter, a plaintiff may sufficiently allege a defendant's conversion of its personal property despite the fact that the defendant never physically possessed the toner, paper, and fax machines. *See id*. at 932. More specifically, "[u]nder Illinois law and the Restatement (Second) of Torts, a tort for conversion can arise from "any material alteration in characteristics to chattel." *Id*.; *see also* Restatement (Second) of Torts § 226 ("One who intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character is subject to liability for conversion to another who is in possession of the chattel or entitled to its immediate possession."). As such, Savanna has sufficiently alleged the fourth element of its conversion claim because of the material alteration to the facsimile paper and toner. *See G.M. Sign*, 681 F.Supp.2d at 932; *see also Stonecrafters, Inc.,* 633 F.Supp.2d 613 ("material alteration of a chattel can constitute conversion, even if the defendant never took actual possession of the chattel"). Meanwhile, Defendants' reliance on *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.,* 443 F.Supp.2d 976, 980 (N.D. Ill. 2006), is misplaced because the court in *Rosario* did not take into account Illinois decisions holding that the "essence of conversion is not acquisition by the wrongdoer but a wrongful deprivation of the owner thereof," *see Jensen v. Chicago & W. Ind. R.R.,* 94 Ill.App.3d 915, 932, 50 Ill.Dec. 470, 419 N.E.2d 578 (Ill. 1981), nor Illinois decisions that rely upon the Restatement (Second) of Torts § 226. *See Loman*, 229 Ill.2d at 127-28.

Defendants also assert that Savanna's conversion claim is not actionable because Savanna is unable to allege that it suffered anything more than trivial inconvenience or expense. In other words, Defendants argue that any injury or damages resulting from the alleged conversion of the fax machine, toner and paper is *de minimis*. *See Brandt v. Board of Educ. of City of Chicago,* 480 F.3d 460, 465 (7th Cir. 2007) (damages that are "minuscule to the point of nonexistent" are *de minimis*); *People v. Durham,* 391 Ill.App.3d 1100, 1103, 333 Ill.Dec. 519, 915 N.E.2d 40 (Ill. 2009) (the "maxim *de minimis non curat lex* ('The law does not concern itself with trifles') retains force in Illinois"). Here, Savanna bases its conversion allegations on one fax that Defendants sent on December 20, 2006. Any damages associated with this fax are unquestionably *de minimus*. *See Stonecrafters*, 633 F.Supp.2d at 613 ("actual damages from the conversion of the paper and toner necessary to print an unsolicited fax advertisement 'are minuscule, *i.e.,* pennies per plaintiff'") (citation omitted).

Nevertheless, Savanna argues that because the law allows for nominal damages, it need not prove any damages to maintain this lawsuit. The concepts of nominal damages and *de minimis non curat lex*, however, are not interchangeable. As the Seventh Circuit instructs, an award of nominal damages "presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved." *Brandt,* 480 F.3d at 465; *see also Purtell v. Mason,* 527 F.3d 615, 627 (7th Cir. 2008). For example, in *Illinois Educ. Ass'n v. Illinois Fed'n of Teachers*, 107 Ill.App.3d 686, 688-89, 63 Ill.Dec. 343, 437 N.E.2d 1265 (1982), nominal damages were appropriate in a conversion case because the converted funds had been returned to the plaintiffs. As the Illinois Appellate Court specifically explained, an "action for conversion will lie even though the defendant has returned the property," however, "in such a situation only nominal damages are recoverable." *Id.* at 689. On the other hand, under the *de minimus* maxim, a conversion claim is not actionable if the damages are negligible from the

onset of the lawsuit – which is the case here.  *See Stonecrafters,* 633 F.Supp.2d at 615 (citing *Purtell,* 527 F.3d at 627).

      Moreover, any argument that the putative class action members' *de minimis* damages may be aggregated is misplaced because "[c]umulative allegations of a putative class cannot be used to prop up an otherwise trivial claim that is unable to stand on its own."  *See id.*; *G.M. Sign,* 681 F.Supp.2d at 933; *see also Chambers v. American Trans Air, Inc.,* 17 F.3d 998, 1006 (7th Cir. 1994) (named plaintiff cannot represent class if he has no claim).  On a final note, Savanna's TCPA claim will remedy the alleged *de minimis* losses associated with Savanna's conversion claim.  *See Rossario's Fine Jewelry,* 443 F.Supp.2d at 978, 980 (conversion cause of action surplusage to federal claim).  Therefore, the Court grants Defendants' motion to dismiss.